```
                UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF TENNESSEE
                       NASHVILLE DIVISION
```

DEBBIE WILLIAMS,              )
                              )
        Plaintiff,            )
                              )
        v.                    )    NO. 3:06-0933
                              )
GIOVANNI GROVES, et al.,      )    Judge Trauger/Bryant
                              )
        Defendants.           )

**TO: The Honorable Aleta Trauger**

### REPORT AND RECOMMENDATION

Pending before the Court are two motions for a mandatory injunction (Docket Entry Nos. 24 and 27), the language of which appears to be identical although the two motions are not merely photocopies of the same document. For the reasons stated below, the undersigned hereby **RECOMMENDS** that these motions be **DENIED**.

These motions seek a mandatory injunction addressed to Captain Mickey Miller, described as Commanding Officer of the West Precinct of the Metropolitan Police Department, ordering Captain Miller to "stop the concerted illegal action initiated and enforced by the Metro Police Department under the directives given by the defendant Officer Groves." Although the particulars of plaintiff's factual claims are not at all clear, it seems as if plaintiff claims that in 2003 Officer Groves appeared in some type of video report on "all Nashville television news stations" and urged the viewing audiences (1) not to help the plaintiff, (2) not to assist the plaintiff, (3) in a "united effort" to help the plaintiff on

her way out of the area, (4) that failure to obey these directives amounted to interference with police business, and (5) that, because plaintiff "is followed everywhere she goes," the identity of those who fail to follow Lieutenant Groves' directives will be known. Plaintiff apparently alleges that since these alleged television appearances in 2003, "myriad levels of hostility, and perversion of the public at large" have been directed toward the plaintiff. Plaintiff asserts that "harassing and discriminatory acts encouraged and enforced by the Metro Police" have been directed against her. Plaintiff further alleges that the "public only continues in compliance with them, committing illegal and immoral acts against the Plaintiff in defiance of the U.S. Constitutional Rights of the Plaintiff."

Beyond the above general conclusory descriptions, plaintiff's motion contains absolutely no description of any specific act or occurrence that she would have the Court enjoin. "Since an injunction is regarded as an extraordinary remedy, it is not granted routinely; indeed, the Court usually will refuse to exercise its equity jurisdiction unless the right to relief is clear." 11A Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u>, § 2942 (2d ed. 1995)(citing <u>Weinberger v. Romero-Barcelo</u>, 456 U.S. 305, 311-12(1982) and <u>Holland America Ins. Co. v. Succession of Roy</u>, 777 F.2d 992, 997 (5th Cir. 1985). For a host

2

of reasons, plaintiff's motions fail to support the issuance of an injunction in this case.

### RECOMMENDATION

For the reasons stated above, the undersigned hereby **RECOMMENDS** that plaintiff's motions for a mandatory injunction (Docket Entry Nos. 24 and 27) be **DENIED.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 9th day of April, 2007.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge

3