```
                UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF TENNESSEE
                       NASHVILLE DIVISION

DEBBIE WILLIAMS,               )
                               )
        Plaintiff,             )
                               )
        v.                     )    NO.  3:06-0933
                               )
GIOVANNI GROVES, et al.,       )    Judge Trauger/Bryant
                               )
        Defendants.            )
```

**TO: The Honorable Aleta A. Trauger**

### REPORT AND RECOMMENDATION

This case was referred to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions, and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1)(A) and (B). (Docket Entry No. 3). Thereafter the case was reassigned by Magistrate Judge Griffin to the undersigned (Docket Entry No. 5).

Pending before the Court are the Motion to Dismiss, Motion for Judgment on the Pleadings and/or Motion for Summary Judgment (Docket Entry No. 19) filed on behalf of the "state defendants," David Austin and Bruce Poag, State Defendants' Amended Motion to Dismiss (Docket Entry No. 35), and the Motion to Dismiss, Motion for Judgment on the Pleadings and/or Motion for Summary Judgment (Docket Entry No. 38) filed on behalf of defendant Stephanie Bailey, M.D. For the reasons stated below, the undersigned **RECOMMENDS** that these motions be **GRANTED**.

## I. Statement of the Case

Plaintiff Debbie Williams, proceeding pro se, has filed her lengthy complaint asserting claims under the "Fourteenth Amendment of the Constitution of the United States of America." (Docket Entry No. 1, paragraph 1). Elsewhere, in correspondence filed with the Complaint, Ms. Williams asserts that she has been the victim of discrimination based upon "color, race, gender and religion." By amendment to her complaint, plaintiff added Title VIII of the Civil Rights Act of 1968, 42 U.S.C. §§ 2000d, 6101, and 10406 as well as 42 U.S.C. §§ 1981, 1983 and 1985 as legal bases for her claims. (Docket Entry Nos. 30-1 and 59). Specifically, Ms. Williams alleges that defendants Austin and Poag wrongfully deprived her of due process of law by causing delays in the scheduling of a hearing on her appeal of denial of TennCare coverage.

Plaintiff has also sued Dr. Stephanie Bailey, the Director of the Metropolitan Nashville Public Health Department. Although the precise legal basis of Ms. Williams' claim against Dr. Bailey is unclear, it appears that Ms. Williams complains that her treating physicians at a public clinic operated by the Metro Health Department have failed to conduct certain diagnostic tests that Ms. Williams is convinced she needs.[1]

---

[1] Ms. Williams claims that an "Officer Groves" of the Metropolitan Police Department in the summer 2003 appeared on all local television stations and instructed the viewing public not to assist her, and to do

2

In her prayer for relief, plaintiff asks the Court to:

a.  Assign an unbiased, qualified physician as my primary caretaker to oversee all examinations and testings to ascertain the accurate condition of my physical body.

b.  With my medical record from the unbiased physician and within guidelines of TennCare Standard (2005, March) make the determination of my medical eligibility coverage.

c.  Determine, based on the unbiased physician's report, whether I am physically disabled.

d.  Assign monetary compensation for the physical pain and suffering that I have endured from March 22, 2005 to the time of my treatments and to require the Metro/Nashville/Davidson County Health Department to pay the entire medical bill incurred for my complete examination and testing under part (a) of this section.

The compensation payers should be as follows:

a.  From June 17, 2005 to the time of treatment: Dr. Stephanie Bailey

b.  From January 25, 2006 to the time of treatment: Mr. David Austin

c.  From June 1, 2006 to the time of treatment: Attorney Bruce Poag

d.  From March 22, 2005 to the time of treatment: Lt. Giovanni Groves

---

everything possible to inconvenience her, with the objective of forcing her to leave Nashville and the surrounding area. Ms. Williams asserts that the defendants are following instructions of Officer Groves, who is named as a defendant but has not been served. No videotape or other evidence of Officer Groves' television appearance has been filed.

3

Next follows a list of 33 medical conditions for which Ms. Williams claims she needs to be tested. (Complaint, Docket Entry No. 1-2, pages 48-50).

Defendants have denied liability and have filed the dispositive motions referenced above.

## II. Summary of Pertinent Facts

From this voluminous record the following facts pertinent to claims against defendants Austin, Poag and Bailey appear. Plaintiff Debbie Williams filed an application for non-Medicaid TennCare Standard coverage on January 11, 2005. Plaintiff was notified by letter dated May 6, 2005, that her application had been denied. Plaintiff appealed this denial to the Tennessee Department of Human Services and offered to supply additional information in support of her application. A telephone appeal hearing was scheduled for November 22, 2005, before an administrative law judge. Before this scheduled hearing, plaintiff requested an in-person hearing in lieu of the scheduled telephone conference hearing. By order dated November 29, 2005, Administrative Law Judge Mattielyn B. Williams granted plaintiff's motion for an in-person hearing, and postponed the hearing to be rescheduled for a future date. Judge Williams' order stated that plaintiff would be notified of the time and place of the rescheduled hearing.

Defendant David Austin, a legal assistant in the Tennessee Department of Human Services, mailed plaintiff an advance

4

notice dated January 25, 2006, informing her that the hearing on her TennCare appeal was to be rescheduled for February 22, 2006, and that a formal notice of hearing would be mailed to her within a few days. Plaintiff alleges that she spoke by telephone with Mr. Austin on February 2, 2006, and that Mr. Austin informed plaintiff then that her appeal hearing would not occur on February 22 because "he had assigned the appeal hearing to the wrong case type of hearing." Plaintiff alleges that Mr. Austin told her that her hearing would need to be rescheduled "soon." Plaintiff alleges that she next spoke by telephone with Mr. Austin on March 31, 2006, and Mr. Austin told her that her file had been sent to another unit, that he did not know when the next hearing docket would be, and that she would be notified by letter. Plaintiff alleges in this action that Mr. Austin "faked scheduling of [her] appeal hearing" and that she was thereby "denied due process" and that her "medical diagnoses and treatments were delayed."

Plaintiff alleges that thereafter defendant Bruce Poag, an attorney for the Division of Appeals and Hearings of the Tennessee Department of Human Services, mailed her a letter dated June 1, 2006, notifying her that a hearing on her TennCare appeal had been scheduled for a telephone conference call on June 29, 2006. Plaintiff alleges that defendant Poag's scheduling her hearing for a telephone conference was a violation of ALJ Williams' November 29, 2005, order providing that plaintiff's hearing would

5

be in person, and that this error denied her due process by further delaying her TennCare eligibility appeal. It appears from the record that before plaintiff's appeal hearing could be conducted, she was approved for TennCare Standard coverage by the Medical Eligibility Unit on June 14, 2006, and the effective date of her coverage was determined to be January 11, 2005, the date of her original application. Accordingly, TennCare agreed to reimburse plaintiff or her medical providers for all covered benefits or services incurred after January 11, 2005 (Docket Entry No. 22).

  Dr. Stephanie Bailey at all pertinent times was the Director of the Metropolitan Nashville Public Health Department. On June 17, 2005, plaintiff mailed to defendant Bailey a 20-page letter complaining about the quality of medical care that plaintiff had received at the hands of several doctors who had examined or treated plaintiff at the Downtown Clinic for the Homeless, Metro General Hospital Clinic and Emergency Department, and Baptist Hospital. Specifically, plaintiff complained in her letter that numerous doctors who had seen or examined her at these institutions had declined to order certain diagnostic tests for medical disorders and ailments that plaintiff has self-diagnosed and with which plaintiff is convinced she is afflicted. Dr. Bailey responded to plaintiff in a letter dated September 6, 2005, stating that, of the institutions listed in plaintiff's letter, only the Downtown Clinic was under the control of the Metro Health

6

Department. Dr. Bailey's letter further stated that she was unsure of how she could be helpful since plaintiff's letter contained no particular request of her. In general, plaintiff alleges in this action that Dr. Bailey's failure to act violated the plaintiff's constitutional rights.

### Analysis of the Austin/Poag Motion

Defendants David Austin and Bruce Poag have filed their Motion to Dismiss, Motion for Judgment on the Pleadings and/or Motion for Summary Judgment (Docket Entry No. 19). Since this motion is supported by the declaration of Harriet A. Cummings (Docket Entry No. 22), defendants' motion must be treated as one for summary judgment under Rule 56. See Rule 12(c), Federal Rules of Civil Procedure.

Rule 56(c) of the Federal Rules of Civil Procedure provides in pertinent part as follows: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

In a motion for summary judgment the moving party bears the burden of showing the absence of a genuine issue as to any material fact, and, for these purposes, the evidence submitted must be viewed in a light most favorable to the opposing party. Adickes

7

v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Inferences to be drawn from the underlying facts contained in such materials must be considered in a light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by this rule, must set forth specific facts showing that there is a genuine issue for trial. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 259 (1968).

In substance, defendants Austin and Poag argue that plaintiff's claims against them should be dismissed as moot, and that this Court lacks jurisdiction because there is no substantial controversy between plaintiff and these defendants. Under Article III of the Constitution, federal courts have jurisdiction only of actual cases and controversies, and they lack power to adjudicate disputes that are moot. See McPherson v. Michigan High School Athletic Ass'n, Inc., 119 F.3d 453, 458 (6th Cir. 1997). The test for mootness is "whether the relief sought would, if granted, make a difference to the legal interests of the parties . . . ." Crane v. Indiana High School Athletic Ass'n, 975 F.2d 1315, 1318 (7th Cir. 1992).

8

Ms. Williams alleges in her complaint that the wrongful conduct of defendants Austin and Poag deprived her of due process by unnecessarily delaying the hearing on her TennCare eligibility appeal. Nevertheless, it is undisputed that on June 14, 2006, Ms. Williams was approved for TennCare Standard coverage by the Medical Eligibility Unit, and that the effectiveness of her coverage was made retroactive to January 11, 2005, the date of her initial application. (Declaration of Harriet A. Cummings, Docket Entry No. 22). As a result, TennCare agreed to reimburse Ms. Williams or her health care providers for the cost of any covered benefits or services incurred since January 11, 2005. Id. Moreover, it further appears from the record that Ms. Williams was not denied nor refused medical treatment during the pendency of her TennCare appeal. On the contrary, copies of medical records filed with the complaint indicate that Ms. Williams sought and obtained medical examination and treatment by a host of physicians at Baptist Hospital, Metropolitan General Hospital and Downtown Clinic from March through July 2005. These doctors ordered numerous diagnostic tests for Ms. Williams, albeit, apparently, not the tests that Ms. Williams is convinced she needs.

Based upon the foregoing undisputed facts, the undersigned finds that the approval of Ms. Williams for TennCare Standard coverage, effective as of the date of her initial

application, renders her claims against defendants Austin and Poag moot, and, accordingly, that those claims should be dismissed.

### Analysis of Dr. Bailey's Motion

Defendant Stephanie Bailey, M.D. has filed her Motion to Dismiss, Motion for Judgment on the Pleadings and/or Motion for Summary Judgment (Docket Entry No. 38-1). The affidavit of Jackie Hoffman is filed as an exhibit to Dr. Bailey's motion, but it is unrelated to the claim against Dr. Bailey.

Dr. Bailey argues that the complaint fails to state a claim against her upon which relief can be granted. Although the basis for the claim is somewhat unclear, it appears that Ms. Williams seeks to hold Dr. Bailey accountable, as Director of the Metropolitan Nashville Public Health Department, because physicians who saw and treated Ms. Williams at a public health clinic operated under the auspices of the Health Department failed to conduct certain diagnostic tests that Ms. Williams is convinced she needs. It is undisputed that Dr. Bailey has never examined nor undertaken treatment of Ms. Williams.

The Court presumes that Ms. Williams seeks to assert a due process claim against Dr. Bailey. According to Sixth Circuit authority, substantive due process claims are of two types. The first type includes claims asserting a denial of a right, privilege or immunity secured by the Constitution or by federal statute other than procedural claims under the "Fourteenth Amendment

simpliciter." The other type of claim is directed at official acts which may not occur regardless of the procedural safeguards accompanying them. The test for substantive due process claims of this type is whether the conduct complained of "shocks the conscience" of the court. See LRL Properties v. Partage Metro Housing Authority, 55 F.3d 1097, 1111 (6th Cir. 1995). Here, Ms. Williams does not claim that she has been denied medical care, because her own papers demonstrate that she has been examined and treated by a host of doctors. Her claim, instead, is that her treating doctors have declined to perform diagnostic tests that Ms. Williams believes she needs. Even if it were established that Dr. Bailey is somehow responsible for the decisions of Ms. Williams' treating doctors, the undersigned finds that this claim does not constitute conduct that shocks the conscience of the Court.

In addition, Ms. Williams has, by way of amendment, listed several statutes upon which she bases her claims. (Docket Entry Nos. 30-1 and 59). The undersigned finds that she has failed to state a claim under these statutes upon which relief can be granted.

Title 42, section 2000d, of the United States Code prohibits discrimination on grounds of race, color, or national origin with respect to "any program or activity receiving Federal financial assistance." However, in asserting a claim under § 2000d, a plaintiff must make her discrimination claim against a

11

"program or activity" and not an individual defendant. See Buchanan v. City of Bolivar, 99 F.3d 1352, 1356 (6th Cir. 1996). Accordingly, plaintiff fails to state a claim against defendants Austin, Poag or Bailey under § 2000d.

Section 10406(a) similarly prohibits discrimination in any program or activity receiving Federal financial assistance. This statute creates a right of action in the Attorney General to enforce this prohibition, but does not provide a cause of action against individual defendants. Section 6101, cited by plaintiff, states the purpose of prohibiting discrimination based upon age in programs or activities receiving Federal financial assistance. Plaintiff has failed to exhaust administrative remedies as provided in § 6104(e). Moreover, the undersigned finds that plaintiff has failed to state a claim against the individual defendants under § 6101.

Title 42, section 1981, prohibits discrimination in the making and enforcing of contracts. This statute protects the equal right of "[a]ll persons within the jurisdiction of the United States" to "make and enforce contracts" without respect to race. The statute currently defines "make and enforce contracts" to "includ[e] the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b); Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 474-75

12

(2006). Plaintiff has failed to explain how the defendants have wrongfully impaired her right to make or enforce contracts, and the Court is unable to determine that this statute has any application to this case.

Title 42, section 1983, prohibits the deprivation of rights, privilege or immunities secured by the Constitution and federal law by persons acting under color of law. To establish a prima facie case under § 1983, a plaintiff must allege two elements: (1) the action occurred under "color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Assuming that Ms. Williams' claim is that she was denied competent medical care at the hands of Metro doctors, it has been held that it is not a constitutional violation for a state actor to render incompetent medical care or fail to rescue those in need. See Jackson v. Schultz, 429 F.3d 586, 590 (6th Cir. 1005). In this case, there is no claim that Dr. Bailey rendered incompetent care, but the mere suggestion that doctors within the Health Department did. The undersigned finds that the complaint, as amended, fails to state a claim against Dr. Bailey under § 1983.

Finally, 42 W.S.C. § 1985(3) prohibits a conspiracy to deprive one of the equal protection of the laws. Plaintiff has not come close to stating a claim for conspiracy. See Radvansky v. City of Olmstead Falls, 395 F.3d 291, 314 (6th Cir. 2005).

13

Accordingly, the undersigned concludes that the complaint fails to state a claim against Dr. Bailey upon which relief can be granted, and that the complaint against her should be dismissed.

### RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** that the motions to dismiss filed on behalf of defendants Austin, Poag and Bailey be **GRANTED** and that the complaint against them be **DISMISSED** with prejudice.

In addition, since it appears that more than 120 days has expired since filing of the complaint and service of the summons and complaint has not been made on defendant Groves[2], the undersigned **RECOMMENDS** that the complaint against him be **DISMISSED** without prejudice pursuant to Rule 4(m), Federal Rules of Civil Procedure.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said

---

[2] "Lieutenant Giovanni Groves" was named as a defendant in the complaint. Plaintiff later by motion requested that this defendant's name be amended to "Officer Groves." (Docket Entry No. 10). Jackie Hoffman, supervisor of personnel of the Metropolitan Nashville Police Department has filed her affidavit stating that no one named "Giovanni Groves" has ever worked for the MNPD. (Docket Entry No. 38, exhibit 1).

14

objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

      **ENTERED** this 6th day of September, 2007.

<u>s/ John S. Bryant</u>
JOHN S. BRYANT
United States Magistrate Judge
